UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MRS. BARBARA ELLIS,

        Plaintiff,

  -against-                                        **MEMORANDUM & ORDER**
                                                              05-CV-3961 (NGG)

MCDONALDS CORPORATION,

        Defendant.
------------------------------------------------------------x
GARAUFIS, United States District Judge.

       Plaintiff brings this action *pro se*, alleging that she was sexually harassed while employed at McDonald's. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and directs plaintiff to submit an amended complaint within 30 days of the date of this order as detailed below.

## Background

       Plaintiff alleges that:

> This civil rights suit involves itself around sexual harassment that was bestowed upon me. Under these unethical and barbrical [sic] measures in not catering to his sexual needs I was forced to work many hours over the guidelines of a minor attaining a summer job. The maximum hours are 4 to 5 daily. On several occasions I was forced to work 10 hours.

Complaint at 1-2, ¶ 3. Plaintiff further alleges that she has been denied a supervisory position because she has not "cater[ed] to this individuals sexual needs." Complaint at 3. Plaintiff requests monetary damages in the amount of 1,000,000 dollars.

1

Discussion

At the outset, the Court notes several inconsistencies in the complaint that need to be resolved before proceeding further. Plaintiff states that her name is Mrs. Barbara Ellis in the caption of the complaint and signs the complaint as Mrs. Ellis. However, in the body of the complaint plaintiff repeatedly refers to herself as a child and young girl. If plaintiff is a minor, she cannot represent herself in this action and must have an attorney bring the action on her behalf, as minors may not proceed *pro se*. Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) ("The choice to appear *pro se* is not a true choice for minors who under state law, *see* Fed. R. Civ. P. 17 (c), cannot determine their own legal actions.").

Moreover, a non-attorney parent may not bring an action on behalf of his or her child without representation by counsel. See Murphy v. Arlington Cent. School Dist. Bd. of Educ., 297 F.3d 195 (2d Cir. 2002); Wenger v. Canastota Cent. Sch. Dist., 146 F.3d 123, 125 (2d Cir. 1998) (holding that the court has a duty to enforce the rule *sua sponte* where defendants had not raised the issue). The rule is primarily based on protection of the legal interests of the minor and the impropriety of a person who is not a member of the bar representing another person in court proceedings. See Cheung, 906 F.2d at 61 ("[I]t is not in the interests of minors or incompetents that they be represented by non-attorneys. Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."). If Mrs. Ellis is trying to bring an action on behalf of her minor daughter, again, she cannot bring this action without counsel.

Conclusion

Plaintiff is given thirty (30) days leave to find counsel to proceed in this action or to clarify that she is an adult and wishes to proceed *pro se*. Moreover, if plaintiff is trying to report a violation

of state labor laws, she may want to contact the State Attorney General or the Department of Labor. If, on the other hand, she is trying to bring an employment discrimination case she must first direct her complaint to the Equal Employment Opportunity Commission ("EEOC"), as no plaintiff may proceed in federal court with an employment discrimination claim, including any sexual harassment claim, without first filing a charge of discrimination with the EEOC. Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003).

No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to retain counsel and file an amended complaint within 30 days as directed by this order, the Court shall dismiss this complaint without prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.


Dated: September 7, 2005 \_\_\_\_\_/s/_____
      Brooklyn, N.Y. Nicholas G. Garaufis
                                          United States District Judge